```
1   WARREN L. BROWN, Esq., #100404
    LAW OFFICES OF WARREN L. BROWN
2   315 West Arden Avenue, Suite 28
    Glendale, Ca. 91203
3   Tel(818) 507-4908,Fax(818) 507-4920

4

5   Attorney for Plaintiff
    FREDERICK C. STRUIKSMA
6

7
```

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Chapter 13 |
| FREDERICK C. STRUIKSMA, | Case No. 2:09-10036 EC |
| Debtor. | Adv. No. |
| FREDERICK C. STRUIKSMA, | **COMPLAINT FOR DECLARATORY RELIEF, DAMAGES AND TO SET ASIDE FORECLOSURE SALE PURSUANT TO 11 U.S.C. §362(a)(2), §362(c)(3) (A), AND §362(k)** |
| Plaintiff | |
| vs. | |
| FORECLOSURE LENDING SERVICES, RELIABLE TRUST DEED SERVICES, CONQUISTA TRUST #4514 , L.G.M. REAL ESTATE INC. | |
| Defendants. | |

Plaintiff Frederick C. Struiksma, alleges as follows:

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 362(a) and 105(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (2)(K). Venue is proper pursuant to 28 U.S.C. § 1409(a).

2. Plaintiff filed for relief under Chapter 13 of 11 U.S.C. on or about January 2, 2009. At that time, the automatic stay provisions of 11 U.S.C. §362(a) became effective.

1

3. On or about February 3, 2009, Defendants Foreclosure Lending Services and reliable Trust deed Services conducted a foreclosure sale on that certain parcel of real property located at 4514 Conquista Avenue, Lakewood, California 90713 ("the property").

4. Defendants Conquista Trust #4514 and L.G.M. Real Estate Inc. were the successful bidders at the foreclosure sale.

5. On or about February 3, 2009, Defendant Reliable Trust Deed Services, acting as agent for Defendant Foreclosure Lending Services, caused to be recorded a Trustee's Deed Upon Sale of the property, conveying the property to Defendants Conquista Trust #4514 With L.G.M. Real Estate, Inc. As Trusteee.

6. At no time since the filing of the Chapter 13 case has any of the defendants herein sought, nor has there been granted, relief from the automatic stay provisions of 11 U.S.C. §362(a).

7. The above described foreclosure sale and subsequent granting of Trustee's Deed Upon Sale were in violation of 11 U.S.C. §362(a) and §362(c)(3)(A), in that, at the time of the foreclosure sale there was still a stay in place as to the property.

## FIRST CLAIM FOR RELIEF
### [Declaratory Relief Pursuant to 111 U.S.C. §362(a) and §362(c)(3)(A)]

8. Plaintiff incorporates by reference as though fully set forth herein each and every allegation contained in paragraphs 1 through 7, inclusive.

9. Plaintiff alleges that the actions of Defendants Foreclosure Lending Services and Reliable Trust Deed Services in conducting the foreclosure sale on or about February 3, 2009 were in violation of 11 U.S.C. §362(a) and §362(c)(3)(A), and, as such, are void as a matter of law.

10. Plaintiff requests a judicial determination that the actions of Defendants as described above were done in violation of 11 U.S.C. §362(a) and §362(c)(3)(A), and, as such, are void as a matter of law.

## SECOND CLAIM FOR RELIEF
### [Setting Aside the Foreclosure Sale and Trustee's Deed]

11. Plaintiff incorporates by reference as though fully set forth herein each and every allegation contained in paragraphs 1 through 7, inclusive.

12. Plaintiff alleges that the actions of Defendants Foreclosure Lending Services and Reliable Trust Deed Services in conducting the foreclosure sale on or about February 3, 2009 were in violation of 11 U.S.C. §362(a) and §362(c)(3)(A), and, as such, are void as a matter of law.

13. Plaintiff requests a judicial determination that, because the foreclosure sale and subsequent Trustee's Deed Upon Sale are void as a matter of law, that the sale should be set aside and the property be reconveyed to Plaintiff.

## THIRD CLAIM FOR RELIEF
### [Damages Pursuant to 11 U.S.C. §362(k)]

14. Plaintiff incorporates by reference as though fully set forth herein each and every allegation contained in paragraphs 1 through 7, inclusive.

15. Plaintiff has been damaged as a result of the actions of Defendants as set forth above.

16. The actions described above resulted in financial harm to Plaintiff, and, therefore, Defendants are indebted to Plaintiff in a sum to be determined at trial.

17. Plaintiff requests a judicial determination that he is entitled to monetary damages from Defendants, pursuant to 11 U.S.C. §362(k).

WHEREFORE, Plaintiff Frederick C. Struiksma respectfully prays as follows:

1. For judgment declaring the foreclosure sale conducted on or about February 3, 2009 to be void as a matter of law pursuant to 11 U.S.C. §362(a) and §362(c)(3)(A);

2. For judgment declaring the Trustee's Deed Upon Sale recorded on or about February 3, 2009 to be void as a matter of law pursuant to 11 U.S.C. §362(a) and §362(c)(3)(A);

3. For judgment declaring that the foreclosure sale is set aside;

4. For judgment that the property be reconveyed to Plaintiff;

5. For judgment declaring that Plaintiff is entitled to damages from Defendants in an amount

1 | to be determined at trial;

2 | 6. For judgment awarding Plaintiff any and all legal fees and costs incurred in bringing this
3 | action; and

4 | 7. For such further relief as the court may deem just and proper.

Dated: 4/22/09    LAW OFFICES OF WARREN L. BROWN

By _____
WARREN L. BROWN
Attorney for Plaintiff
FREDERICK C. STRUIKSMA

4