1    GARY L. BARR (State Bar No. 75771)
      MARK S. BLACKMAN (State Bar No. 119466)
2    ALPERT, BARR & GRANT
      A Professional Law Corporation
3    6345 Balboa Boulevard, Suite I-300
      Encino, California 91316-1523
4    PHONE: (818) 881-5000; FAX: (818) 881-1150

5    Attorneys for Defendants, FORECLOSURE LENDING SERVICES, INC.,
      a California corporation and RELIABLE TRUST DEED SERVICES, INC., a California corporation

6

7

8                UNITED STATES BANKRUPTCY COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| In Re:                         ) | CASE NO. 2:09-10036-EC |
|     FREDERICK STRUIKSMA,      ) | (CHAPTER 13) |
|        Debtors.             ) | ADV. NO. 2:09-01439-EC |
|                         ) | **ANSWER TO COMPLAINT FOR DECLARATORY RELIEF DAMAGES AND TO SET ASIDE FORECLOSURE SALE** |
| FREDRICK STRUIKSMA,       ) | |
|       Plaintiff,            ) | |
| v.                           ) | |
| FORECLOSING LENDING SERVICES, ) | |
| RELIABLE TRUST DEED SERVICES,   ) | |
| CONQUISTA TRUST #4514, L.G.M. REAL ) | |
| ESTATE, INC.               ) | |

21

22       Defendants, FORECLOSURE LENDING SERVICES, INC., a California corporation

23 ("Foreclosure Lending") and RELIABLE TRUST DEED SERVICES, INC., a California corporation

24 ("Reliable"), by and through its counsel of record, Alpert, Barr & Grant, A Professional Law

25 Corporation, hereby answers the Complaint of FREDERICK C. STRUIKSMA (hereinafter "Debtor")

26 in the bankruptcy of Debtor as follows:

27        1.      Defendants admit the allegations contained in paragraphs 1, 2, 3, 4, and 5.

28        2.      Defendants deny each and every allegation contained in paragraphs 7, 9, 10, 12, 13, 15,

210908\F:\WPDOCS\3681\003\Pleadings\Answer.wpd    [Document Printed on Recycled Paper; C.R.C.
201(d)] – <u>STRUIKSMA v FORECLOSURE LENDING SERVICES, et al.</u>
Adversary Case Number: 2:09-01439 EC

1  | 16 and 17 and the whole thereof.

2  |      3.     Answering paragraph 2 of Debtor's Complaint, Defendants admit all allegations therein

3  | except that the automatic stay afforded to Debtor expired on February 1, 2009, when Debtor failed to

4  | file a motion to extend the automatic stay.  Pursuant to 11 U.S.C. §362(c)(4)(A).

5  |      4.     Answering paragraph 6 of Debtor's Complaint, the automatic stay expired, as to at least

6  | Debtor as February 1, 2009 when Debtor failed to file a motion to extend the automatic stay pursuant

7  | to 11 U.S.C. § 362(c)(4)(A).

8  |      5.     Answering paragraphs 8,11 and 14 of Debtor's Complaint, Foreclosure Lending and

9  | Reliable hereby incorporate their response to paragraphs 1 through 7, inclusive, by reference, as though

10 | fully set forth herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

14 |      6.     The Complaint on file herein fails to state a claim upon which this Court can base relief.

### SECOND AFFIRMATIVE DEFENSE

17 |      7.     The Complaint on file herein fails to state a claim upon which the Debtor is entitled to

18 | recover damages of any kind in that there was no automatic stay to protect Debtor as of the date of the

19 | foreclosure sale.

### THIRD AFFIRMATIVE DEFENSE

22 |      8.     Debtor herein filed a Chapter 13 bankruptcy case on July 3, 2007, bearing Case No.

23 | 07-15626EC (the "2007 Bankruptcy Case").  The 2007 Bankruptcy Case was dismissed on

24 | November 18, 2008.  Debtor herein filed a second Chapter 13 on January 2, 2009, bearing Case No.

25 | 09-10036 (the "2009 Bankruptcy Case").  At no time since the 2009 Bankruptcy Case was filed did

26 | Debtor ever file an application to extend the automatic stay, and pursuant to 11 USC §362 (c)(3)(A),

27 | the automatic stay expired as to the Debtor on February 1, 2009.

28 | \\\

210908\F:\WPDOCS\3681\003\Pleadings\Answer.wpd   [Document Printed on Recycled Paper; C.R.C.
201(d)] - STRUIKSMA v FORECLOSURE LENDING SERVICES, et al.
Adversary Case Number: 2:09-01439 EC

1        9.    As a result of the expiration of the automatic stay, Debtor's interest in the real

2    property at issue herein was no longer protected and could no longer have any reasonable expectation

3    of a claim for damages because Debtor no longer had standing.

4

5    **FOURTH AFFIRMATIVE DEFENSE**

6

7        10.    Debtor's asserts that he has been damaged by the foreclosure sale however, Debtor

8    has retained possession of the Subject Property and resides at the Subject Property without payment

9    of any kind since the date of the foreclosure sale and has made no post-petition mortgage payments

10   to Foreclosure Lending or the senior line holders.  In fact, since the inception of the loan, Debtor has

11   not made any mortgage payments to Foreclosure Lending.

12

13       11.    Despite responding parties efforts to unwind the foreclosure sale the third party buyer,

14   Conquista Trust No. 4514 and/or L.G.M. Real Estate, Inc. ("3rd Party Buyer"), have refused to do so.

15   At a confirmation hearing in the 2009 Bankruptcy Case, this Court held that Debtor was not required

16   to make mortgage payments to the lenders.  Therefore, Debtor has not only not been damaged, he has

17   lived on the Subject Property free of any mortgage payments for eight (8) months.

18

19   **FIFTH AFFIRMATIVE DEFENSE**

20   (Debtor's Inability to Make Post-Petition Mortgage Payments)

21

22       12.    Debtor failed to make mortgage payments to Foreclosure Lending in the 2007

23   Bankruptcy Case and has not established that he has the present ability to make the post-petition

24   mortgage payments to either the senior lien holders or to Foreclosure Lending or the ability to pay all

25   post-petition arrearages which have accrued since the filing of the 2009 Bankruptcy Case.

26   \\\

27   \\\

28   \\\

210908\F:\WPDOCS\3681\003\Pleadings\Answer.wpd    [Document Printed on Recycled Paper; C.R.C.
201(d)] - <u>STRUIKSMA v FORECLOSURE LENDING SERVICES, et al.</u>
Adversary Case Number: 2:09-01439 EC

1  **SIXTH AFFIRMATIVE DEFENSE**

2  (Debtors Bankruptcy Case Filed in Bad Faith)

3

4        13.    As set forth in the motion for relief from stay motion by the 3rd Party Buyer to validate

5  the foreclosure sale, a true and correct copy of which is attached hereto as Exhibit "A" is incorporated

6  herein by this reference.  Debtor has been in and out of foreclosure for over ten years and during the

7  pendency of the 2007 Bankruptcy Case, the trustee was required to seek and obtain an Order of dismissal

8  due to Debtors' failure or refusal to make plan payments.  Debtor's 2009 Bankruptcy case has not

9  established a showing of a good faith and/or a showing of a change in circumstances.  In fact, according

10 to Debtor's schedules, the actual available funds to pay creditors has dropped by $205.00 while his

11 liabilities increased (due to mortgage delinquencies in the 2007 Bankruptcy Case.)

12

13  **SEVENTH AFFIRMATIVE DEFENSE**

14  (Foreclosure Lending Willing to Interplead Sales Proceeds Pending

15  Court Determination of the Case)

16

17       14.    Foreclosure Lending stands ready, willing and able to interplead the funds it received

18 from the foreclosure sale and which the third party has refused to accept.

19

20       15.    Debtor should also be required to interplead all post-petition mortgage payments to

21 Foreclosure Lending since the 2009 Bankruptcy Case was filed and should provide written evidence of

22 payment to all senior lien holders.

23  \\\

24  \\\

25  \\\

26  \\\

27  \\\

28  \\\

210908\F:\WPDOCS\3681\003\Pleadings\Answer.wpd    [Document Printed on Recycled Paper; C.R.C.
201(d)] – STRUIKSMA v FORECLOSURE LENDING SERVICES, et al.
Adversary Case Number: 2:09-01439 EC

## **EIGHTH AFFIRMATIVE DEFENSE**

16.     Each and every act, omission, or other conduct claimed to have been done or made by Defendant was a good faith assertion of Defendant's rights.

ALPERT, BARR & GRANT
A Professional Law Corporation

Dated: August 21, 2009

By: *Mark S. Black*
MARK S. BLACKMAN
Attorneys for Defendants, FORECLOSURE
LENDING SERVICES, INC., a California
corporation and RELIABLE TRUST DEED
SERVICES, INC., a California corporation

210908\F:\WPDOCS\3681\003\Pleadings\Answer.wpd     [Document Printed on Recycled Paper; C.R.C.
201(d)] - STRUIKSMA v FORECLOSURE LENDING SERVICES, et al.
Adversary Case Number: 2:09-01439 EC

| In re | (SHORT TITLE) | | CHAPTER: 13 |
| FREDERICK CLARENCE STRUIKSMA | | | CASE NO.: 2:09-10036 EC |
| | | Debtor(s). | ADV.: 2:09-01439 EC |

**NOTE**: When using this form to indicate service of a proposed order. DO NOT list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 6345 BALBOA BLVD., SUITE I-300, ENCINO, CALIFORNIA 91316-1523

A true and correct copy of the foregoing document described as ANSWER TO COMPLAINT FOR DECLARATORY RELIEF DAMAGES AND TO SET ASIDE FORECLOSURE SALE will be served or was served **(a)** on the Judge in chambers in the form and manner required by LBR 5005-2(d) and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On August ⊇⏌, 2009, I check the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below.

Warren L Brown on behalf of Debtor Frederick Struiksma, wbbk@msn.com
Kathy A Dockery, efiling@CH13LA.com
Neil B Katz on behalf of Creditor Herbert & Roberta Constine; Daniel Beck, neilkatz@pacbell.net
United States Trustee (LA), ustpregion16.la.ecf@usdoj.gov

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person of entity served):
On August ⊇⏌, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case of adversary proceeding by placing a true copy of thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the Judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

FREDERICK CLARENCE STRUIKSMA, 614 S. ST. ANDREWS PLACE, APT 508, LOS ANGELES, CALIFORNIA 90005-3053
FREDERICK CLARENCE STRUIKSMA, 8513 WEST VENICE BLVD., #153, LOS ANGELES, CALIFORNIA 90034
JODY D ANGEL, 20701 N SCOTTSDALE RD , STE 107-145, SCOTTSDALE, AZ 85255

☐          Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OF EMAIL** (indicate method for each person or entity served) Pursuant to F.R. Civ.P.5 and/or controlling LBR, On August ⊇⏌, 2009, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the Judge here constitutes a declaration that mailing to the Judge will be completed no later than 24 hours after the document is filed

Judge Ellen Carroll, personal delivery, Bin outside of Suite 1634

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

August ⊇⏌, 2009        DAVID BROTMAN
Date                    Type Name              Signature